# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS NOMMENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:16-cv-01442-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Michael Thomas Nommensen ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DBI") under Title II of the Social Security Act.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

**FACTS AND PRIOR PROCEEDINGS**

On April 12, 2013, Plaintiff filed an application for disability insurance benefits. AR 176-81[2] Plaintiff alleged that he became disabled on January 1, 2011, due to depression, anxiety, neck and back pain, rosacea, high blood pressure, hypertension, high cholesterol, GERD, diabetes and prostate cancer. AR 108, 177, 179, 205, 248. Plaintiff's application was denied initially and on reconsideration. AR 107-10, 113-18. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ John Heyer held a hearing on January 23, 2015, and issued an order denying benefits on February 12, 2015. AR 18-32, 42-67. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-6, 16-17. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on January 23, 2015, in San Francisco, California. Plaintiff appeared with his attorney, Tim Carpenter. Impartial Vocational Expert ("VE") Jo Ann Yoshioka also appeared. AR 44.

In response to questioning by the ALJ, Plaintiff testified that he was 54 years old at the time of the hearing. He has a driver's license, but his doctor has asked him not to drive while taking medication and after his neck surgery. He last worked in February 2009 as a financial service representative. Plaintiff explained that he stopped working at that time because his employment was terminated after he reported suspected illegal activities occurring at his employer. Since that time, he has been looking for another job and last submitted an application in September 2014. AR 45-48.

When asked about his abilities, Plaintiff reported that his doctor said he can lift no more than a gallon of milk, which is about 8 pounds. He can stand about 15 or 20 minutes for a maximum of two hours a day and can walk about 20 minutes before he has to rest. He can sit for about 20 minutes for a maximum of two hours a day. He spends most of his time in bed, lying down or prone. AR 48-49.

When asked about a typical day, Plaintiff testified that he walks his dog for 15 minutes around the block for exercise. He eats breakfast, reads the paper and then naps. He might do something

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

around the house, maybe read or watch TV. In the afternoon, he takes his dog for a 15 minute walk around the block. After dinner, he watches TV and is usually in bed by 8:00. His doctor does not allow him to do any cleaning, like vacuum or sweep. He does not do laundry or shop for groceries. He cooks occasionally with assistance, but does not do dishes because his doctor said no bending or overhead reaching. He does not use a computer during the day. He does not exercise aside from walking, but has started physical therapy. He does not have any hobbies, he does not do yardwork and he does not go to the movies. AR 49-50.

When asked about his medications, Plaintiff testified that he takes Lisinopril for high blood pressure, citalopram for depression, fluticasonepropionate for congestion, hydromorphone (generic for Dilaudid), which is a narcotic opioid analgesic used to treat pain, pravastatin sodium to lower cholesterol and triglycerides, doxycycline hyclate for bacterial infections, fenofibrate for lowering cholesterol and triglyceride levels, ondansetron HCL to prevent nausea and vomiting following chemotherapy, radiation therapy or surgery, hydrocodone acetaminophen 5-325, which is a narcotic and analgesic combination to relieve moderate to moderately severe pain, and tamsulosin HCl to help with elimination. His medications work to a degree, and he has a high pain tolerance. Side effects from the medication include sleepiness, lack of alertness, pain in the right upper quadrant in front, and abdominal pain. Plaintiff confirmed that he had a sleeve gastrectomy, his gallbladder was removed and his spleen. AR 51-53.

When asked about his neck surgery, Plaintiff reported that his neck pain is the same. His doctor explained that recovery from surgery could take eight to ten months. However, he also had a swelling of the occipital nerve in the back of his skull, and will receive medication to reduce the swelling. He also is going to receive a trigger point injection in his shoulder. AR 55.

When asked about mental health care, Plaintiff testified that he was not currently receiving any care because his mental healthcare coverage was discontinued in January 2014. Prior to that, Plaintiff had been seeing a psychologist. His primary care doctor now prescribes the anti-depression medication. Plaintiff does not receive any counseling. AR 55-56.

In response to questioning by his attorney, Plaintiff reconfirmed that he stopped working in 2009 because he was terminated, not because of physical issues. Plaintiff reported that his stomach

3

pain began in 2006 or 2007. His neck pain was not due to injury, but a gradual decline. A spur grew into his spine from one of the discs. Prior to the neck surgery, his pain level was a four or five out of ten. The pain began to radiate down his right and left arms with numbness and tingling in his hands. After the neck surgery, his pain level is seven to eight with radiation down his left arm to his hand and on the right side to the edge of his shoulder. Plaintiff also testified that he has lower back pain that radiates down the right side to his knee. When asked about his prostate cancer, Plaintiff stated that he was diagnosed in July 2013, but his oncologist has deferred treatment until his other health issues, mainly his neck, are addressed. Plaintiff explained that he takes tamsulosin to help with urination. He also reported that his diabetes was cured with abdominal surgery and weight loss. AR 56-59.

When asked about his abilities, Plaintiff testified that it was unlikely he could handle a full-time job. His health has worsened since 2011, and he did not think he physically or mentally could do his past work as a financial service rep. AR 60.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Jo Ann Yoshioka. The VE testified that Plaintiff's past work was classified as marketing sales manager, marketing financial services and products, general manager and sales agent insurance. For the first hypothetical, the ALJ asked the VE to consider an individual that could lift 20 pound and could sit, stand and walk for six hours each in an eight-hour workday. The VE testified that this individual could perform all four of Plaintiff's past jobs. AR 61-62.

For the second hypothetical, the ALJ asked the VE to consider an individual with a 20-pound lifting limit who could complete an eight-hour work day if given the option to alternate between sitting and standing in 30-minute increments. The VE testified that based on her experience and professional opinion, Plaintiff could perform his past work with alternating sit/standing for 30 minutes. AR 62.

Following the ALJ's questioning, Plaintiff's counsel asked the VE to consider a hypothetical claimant who was limited to a sit-down level, could lift 10 pounds occasionally, and stand maybe two hours in an eight-hour day. The VE confirmed that all past work would be eliminated except for the administrative marketing job. AR 63. The VE also testified that Plaintiff acquired some skills transferrable to the sedentary level, which would transfer to sedentary jobs, such as insurance clerk, insurance checker, and registered representative for financial services. The VE testified that a change

4

to the last hypothetical limiting the individual to simple, repetitive tasks would eliminate all past relevant work and the transferrable skills. AR 62-66.

For the next hypothetical, Plaintiff's counsel asked the VE to consider a claimant that needed to take four or five unscheduled breaks throughout the day to lie down for ten minutes at a time. The VE testified that work would be precluded. The VE also testified that work would be precluded for a claimant that could not make it to work three days per month. AR 66.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 18-32. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity during the period from his alleged onset date of January 1, 2011 through his date last insured of December 31, 2014. Through the date last insured, the ALJ identified morbid obesity, status post cervical disc fusion and prostate cancer as severe impairments. AR 23-25. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 26. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except lift 20 pounds and could complete an 8-hour workday if given the option to alternate between sitting and standing, as needed, in 30-minute increments. AR 26-29. With this RFC, the ALJ found that Plaintiff could perform his past relevant work as an administrator/marketing sales manager, financial services representative, general manager and sales agent/instruments. AR 29-31. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 32.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

5

42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's pain and limitation testimony, and contends that "this case turns on the assessment of Nommensen's cervical spine condition in the residual functional capacity associated therewith." (Doc

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

No. 28 at p. 3.) Specifically, Plaintiff argues that while the ALJ determined that Plaintiff retained the RFC to perform a range of light work that allowed him to alternate between sitting and standing in 30-minute increments, Plaintiff described a more limited capacity for sitting, standing, and walking than the ALJ, and also testified that he could not look down or up to load or unload the dishwasher. (*Id*. at p. 8.) Plaintiff "concedes to the reasonableness of the ALJs treatment of all other conditions."[4] (*Id*. at p. 3.)

As a preliminary matter, Plaintiff asserts that the Court should apply Social Security Ruling ("SSR") 16-3p to determine if the ALJ properly evaluated Plaintiff's pain and limitation testimony. (Doc. No. 28 at p. 8 and n. 2.) The Court declines to do so. At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186, was in effect and explained the factors to be considered in assessing credibility. The Court acknowledges that SSR 96-7p was superseded on March 28, 2016, by SSR 16-3p. SSR 16-3p was republished on October 25, 2017, 2017 WL 5180304., and makes clear that the ALJ will apply SSR 16-3p only when making decisions on or after March 28, 2016, and federal courts will review an ALJ's decision using the rules that were in effect at the time the decision issued. *Id.* at 5180304, n. 27. The decision in this case was rendered prior to March 28, 2016, before SSR 16-3p became effective, and thus the Court will not apply SSR 16-3p in this matter.

---

[4] In his reply, Plaintiff appears to argue that the ALJ also failed to consider the side effects of Plaintiff's medication and his depression. For instance, Plaintiff states "The difference between 30 minutes of standing and walking and 20 minutes and standing and walking plus the side-effects of medication and expected depression with the loss of function form the nucleus of this case." (Doc. No. 30 at p. 2.) Plaintiff also contends that the ALJ's decision to address "physical complaints unrelated to the ability to stand and walk or *the social isolation resulting from depression* do not constitute valid reasons for rejecting testimony." (*Id.* at p. 4) (emphasis added). Plaintiff additionally states that the Commissioner "contends that the advice to exercise constitutes proof that Nommensen could engage in more than 20 minutes of standing and walking in a day *and would not have side-effects of medication*." (*Id.*) (emphasis added). However, the Commissioner made no assertions regarding medication side-effects. Instead, Plaintiff's contentions regarding medication side-effects and depression were raised only in his reply brief. Raising new arguments in a reply brief is disfavored, but a district court has broad discretion to consider them. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001); *Rosas v. Comm'r of Soc. Sec.*, No. 1:15-cv-00002-LJO-SAB, 2016 WL 3562748, at *6 (E.D. Cal. June 29, 2016) (court declined to consider arguments first raised in reply as the issue was not raised in the opening brief). In this instance, the Court will not consider the arguments regarding the ALJ's alleged failure to consider the side effects of Plaintiff's medication and his depression because those arguments were not raised in the opening brief. Critically, Plaintiff's opening brief expressly limited the issue in this case to the assessment of his cervical spine condition, and concedes to the reasonableness of the ALJ's treatment of all other conditions.

Even if the Court were to consider these arguments, however, they are not persuasive. The consultative examiner opined in September 2013 that Plaintiff had no significant mental health impairment and his mental health functioning was unremarkable. AR 563-69. Plaintiff has not challenged the consultative examiner's opinion. Further, Plaintiff reported no medication side effects to his treating physician in his recent treatment records from November and December 2014. AR 867, 868.

7

In deciding whether to accept a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff satisfied the first step of the analysis and made no finding of malingering. At the second step of the analysis, however, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 27. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015).

The Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony. First, the ALJ discounted Plaintiff's allegations regarding the severity of his symptoms and limitations because those allegations were "greater than expected in light of the objective evidence of record." AR 29. Although lack of medical evidence cannot form the sole basis for discounting a claimant's testimony, it is a factor that the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ considered objective medical findings in discounting claimant's allegations regarding severe low back pain). Here, the ALJ considered Plaintiff's alleged neck pain with headaches and shoulder problems, but found no medical evidence to support greater physical limitations than those identified in the RFC. In particular, the ALJ cited objective evidence indicating that Plaintiff had only some tenderness in his cervical spine and left shoulder girdle and arm following fusion surgery. AR 29. According to the record, on October 22, 2014, Plaintiff received a follow-up evaluation with the Pain Institute of Central California shortly after undergoing C-Spine fusion on October 14, 2014. Plaintiff rated his pain as 3/10 and, on examination, his gait and station were normal and he was able to undergo exercise testing and/or participate in exercise program, he only had mild to moderate muscle tenderness of the left of cervical spine, decreased range of motion in all

planes (50%), with normal muscle strength, reflexes and sensation, along with decreased range of motion due to pain in his left shoulder girdle and arm. He was advised to continue with home exercise program and to increase his activity. AR 794-95. Subsequent treatment records in November 2014 described Plaintiff's neck as supple, with no masses, no thyromegaly and no bruits. There was no indication of pain or other limitations related to his neck. AR 868.

Second, the ALJ considered that, during the period of alleged disability, Plaintiff admitted that he could walk two miles before needing to rest for 10 minutes and that in September 2013 and January 2014 he was exercising 3-4 times a week and strength training. AR 28. The ALJ properly considered that Plaintiff's daily activities were not consistent with his allegations of disabling limitations, such as a limited ability to stand and walk. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (the nature of daily activities may be considered when evaluating credibility). Moreover, in evaluating a claimant's credibility, an ALJ may consider inconsistencies between the claimant's testimony and the claimant's conduct. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Plaintiff does not deny a report that he walked up to four miles per day, but suggests that this was prior to the onset of significant cervical difficulties in 2013. (Doc. No. 28 at p. 11.) However, as noted by the ALJ, in July 2013, Plaintiff reported that he could walk 2 miles before he needed to rest for 10 minutes, and in January 2014, he reported exercising 3-4 times a week and strength training. AR 217, 816. Plaintiff also admits that in February 2014, only months before cervical fusion, he reported walking four miles every day, two miles in the morning and two miles in the afternoon. (Doc. No. 28 at p. 11; AR 713.) This same record reflects that Plaintiff also was doing cervical spine isometric exercises and strengthening exercises three times a week. AR 713. Additionally, the ALJ noted that following cervical fusion, Plaintiff was advised by his treating physician to continue with home exercise and to increase his activity. AR 29, 795. Plaintiff also reported being in physical therapy. AR 50.

Third, the ALJ considered the opinion of State agency physician Dr. J. Frankel, who found that Plaintiff was capable of engaging in light work activity. AR 29, 98-101. As argued by the Commissioner, this medical opinion supported the ALJ's conclusion that Plaintiff's symptom allegations are "greater than expected in light of the objective evidence of record." AR 29. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) ("In addition, the medical evidence,

including Dr. Eather's report and Dr. Neville's report—which both found [claimant] could perform a limited range of work—support the ALJ's credibility determination"). Plaintiff has not challenged the state agency physician's opinion.

Based on the reasons, the Court finds that the ALJ did not err in his assessment of Plaintiff's subjective allegations.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Michael Thomas Nommensen.

IT IS SO ORDERED.

Dated: **March 19, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE